UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09CV643-DJS |
| ) | |
| CARR KOREIN TILLERY, L.L.C. and ) | |
| KOREIN TILLERY L.L.C., ) | |
| ) | |
| Defendants. ) | |

### ORDER

On March 24, 2009, plaintiff Rex Carr, an attorney, filed in the Circuit Court for the City of St. Louis a "Petition in Equity for Accounting." Named as defendants are Carr Korein Tillery, L.L.C. ("CKT"), Carr's former law firm, and Korein Tillery L.L.C. ("KT"), the new firm organized following his separation. The petition alleges that following the settlement of earlier litigation in the Circuit Court of St. Clair County, Illinois, relating to Carr's entitlement to legal fees, defendants have paid substantial sums into escrow accounts as fees due to plaintiff, but that defendants refuse to distribute the funds to plaintiff. Plaintiff further alleges that additional sums have been received by CKT to which plaintiff is entitled, and that an accounting is required.

The petition seeks, *inter alia*, the payment of the escrowed funds, the appointment of a master to perform an

accounting of disputed fees and their proper allocation, judgment for fees owed to plaintiff, and the appointment of a receiver to act for CKT against KT to the extent necessary to recover sums improperly transferred from CKT to KT.  The parties have a long and tortured history of disagreement and associated litigation.  By defendants' count, this action is the ninth between the parties concerning the allocation of fees as between Carr and his former law partners.

On April 24, 2009, defendants removed the action to this Court, asserting that removal is supported by federal question jurisdiction.  Defendants contend that the instant petition "arises from the same facts, seeks the same fees and is barred by the judgment entered in" a previous action by Carr in the Southern District of Illinois, rendering the pleading initiating this case "identical to [that] RICO action."[1]  Notice of Removal [Doc. #1], p.2.  Now before the Court are plaintiff Carr's motion to remand the case to the state court, and defendants' motion to dismiss and motion to transfer or stay the action.

Because the motion to remand addresses the threshold issue of the Court's jurisdiction, the Court addresses it first. Defendants bear the burden of demonstrating that this Court's removal jurisdiction is properly invoked, and doubts about federal jurisdiction are to be resolved in favor of remanding the action to

---

[1] "RICO" is the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq.

the state court.  <u>Bell v. Hershey Co.</u>, 557 F.3d 953, 956 (8th Cir. 2009); <u>In re Business Men's Assur. Co. of Am.</u>, 992 F.2d 181, 183 (8th Cir. 1993).  Removal based on "federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  Because the well-pleaded complaint rule "makes the plaintiff the master of the claim[,] he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Id</u>.

Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." <u>Gore v. Trans World Airlines</u>, 210 F.3d 944, 948 (8th Cir. 2000).  It is firmly established that a federal defense does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case." <u>Caterpillar</u>, 482 U.S. at 393.

> There is, however, another longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction, [the Supreme Court] having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.

<u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005).

3

There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. at 314 (internal marks omitted). The class of such cases is a "special and small category." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. See also Central Iowa Power Co-op. v. Midwest Independent Transmission System, 561 F.3d 904, 912 (8th Cir. 2009).

Carr challenges defendants' assertion of federal question jurisdiction:

> The Accounting Petition raises and pleads no question of law or fact under Federal RICO or under any other federal statute that has been completely preempted by federal law or act of Congress, and may not be removed since the accounting petition relies exclusively on state law.

Motion to Remand [Doc. #10], p.2. Carr further points out that neither of the defendants here was a party to the RICO action. Contrary to defendants' contentions, Carr's petition for an accounting does not assert any cause of action created by federal law, does not turn on any question or construction of federal law, and does not implicate significant federal issues.

4

In support of removal, defendants suggest that plaintiff's artful pleading is "simply an artifice to avoid federal jurisdiction." Id. The pleading is artful indeed, if it compresses into its 6-page equity petition for an accounting the sum and substance of the 96-page complaint filed in the RICO action. See Exhibit 1 to the Notice of Removal [Doc. #1-2]. The Court readily concludes that the state court pleading here removed cannot be said to be "identical" to the RICO complaint, with its detailed allegations of fact including 100 or more predicate acts, and theories under federal law as to patterns of racketeering activity involving mail fraud, wire fraud, theft of funds, extortion and other illegal conduct in violation of 18 U.S.C. §1962(a), §1962(c) and §1962(d).

Defendants also over-reach when they suggest that Carr's claim for an equitable accounting under Missouri law is dependent upon his ability to show that he lacks an adequate remedy at law, which is in turn dependent upon his showing that the judgment of the Southern District of Illinois in the prior RICO litigation bars all future litigation on the parties' contracts, which then gives rise to federal jurisdiction over this case. Defendants fail to persuade the Court that negating the preclusive effect of the federal judgment is a subsidiary element of plaintiff's claim, rather than an issue raised by a potential defense.

Even following defendants' syllogism as it is posited, the Court rejects defendants' contention that the preclusive effect

of the federal court judgment in the RICO case is a sufficiently *significant* issue of federal law in the present case as to support federal question removal.  None of the cases defendants cite in support presents a substantially similar scenario, and none is persuasive to support the extension of the principle to the circumstances defendants describe here.  As the Supreme Court has observed, "it takes more than a federal element 'to open the "arising under" door.'"  <u>Empire Healthchoice</u>, 547 U.S. at 701, *quoting* <u>Grable</u>, 545 U.S. at 313.

To the extent that defendants rely on some courts' interpretation of the Supreme Court's second footnote in <u>Federated Department Stores, Inc. v. Moitie</u>, 452 U.S. 394, 397 n.2 (1981), the Supreme Court has since, in <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 472 (1998), clarified the footnote and confined it to <u>Moitie</u>'s particular context.  In <u>Rivet</u>, the Supreme Court holds that removal may not be predicated on "a defendant's assertion that a prior federal judgment has disposed of the entire matter and thus bars plaintiffs from later pursing a state-law-based case," and that "[t]he defense of claim preclusion, we emphasize, is properly made in the state proceeding." <u>Id</u>.

The entire history of the parties' litigation and its potential legal impact on this action are not matters of relevance at the jurisdictional threshold on which today's ruling stands.  Instead, the Court has analyzed the proffered basis for defendants'

removal of the state court petition, and has found it to be lacking. The "Petition in Equity for Accounting" asserts no claim created by federal law, invokes no area of state law to which the doctrine of complete federal preemption applies, and does not turn on any substantial question of federal law sufficient to support removal. For all the foregoing reasons, and particularly by the principles of the well-pleaded complaint doctrine, the removal was improper and the action must be remanded to state court. The Court does not find that defendants lacked an objectively reasonable basis for removal, and plaintiff's request for an award of attorney's fees is therefore denied. <u>Martin v. Franklin Capital Corporation</u>, 546 U.S. 132, 141 (2005).

This Court need not reach, and does not consider, any matters of claim preclusion, issue preclusion, sanctionable vexatious multiplication of litigation, or other such arguments alluded to in the briefing of the motion to remand, and made in support or opposition to the motions to dismiss, to transfer or to stay. As the Court finds that it lacks jurisdiction, the case must be remanded without this Court's consideration of other matters, which may be raised before the state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #10] is granted. No attorney's fees or costs will be imposed.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [Doc. #15] and motion to transfer or stay [Doc. #17] are denied without prejudice as moot.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court for the City of St. Louis.

Dated this ____2nd____ day of November, 2009.

                                           /s/ Donald J. Stohr
                                           UNITED STATES DISTRICT JUDGE